IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

**02-21698**

THE UNITED STATES OF AMERICA, )
)
    Plaintiff, )
) **CIV-SEITZ**
    v. ) CIVIL ACTION NO.
)
MIAMI-DADE COUNTY, FLORIDA; ) **MAGISTRATE JUDGE**
MIAMI-DADE COUNTY BOARD OF ) **BANDSTRA**
COUNTY COMMISSIONERS; )
BETTY T. FERGUSON, DORRIN D. )
ROLLE, DR. BARBARA M. CAREY- )
SHULER, GWEN MARGOLIS, BRUNO )
A. BARREIRO, REBECA SOSA, ) FILED by _____ D.C.
JIMMY MORALES, KATY SORENSON, )
DENNIS C. MOSS, JAVIER D. ) JUN 1 7 2002
SOUTO, JOE A. MARTINEZ, DR. )
MIRIAM ALONSO, AND NATACHA ) CLARENCE MADDOX
SEIJAS, Members of the Board ) CLERK, U.S. DIST. CT.
of County Commissioners; and ) S.D. OF FLA. MIAMI
DAVID C. LEAHY, Supervisor of )
Elections, )
)
    Defendants. )
_____

## CONSENT ORDER

The United States initiated this litigation on this date challenging certain actions of Miami-Dade County, Florida (hereinafter "the County") in administering the November 7, 2000 Presidential election. The United States alleges that, in that election, the County, through its employees and agents, prevented certain Creole-speaking Haitian-American voters with limited ability to understand English from securing assistance at the polls necessary for their effective participation in the voting process in violation of Section 208 of the Voting Rights Act, 42



U.S.C. 1973aa-6. Section 208 of the Voting Rights Act entitles "[a]ny voter who requires assistance to vote by reason of blindness, disability or inability to read or write" to "assistance by a person of the voter's choice, other than the voter's employer or agent of that employer or officer or agent of the voter's union." 42 U.S.C. 1973aa-6.

This action follows an extensive investigation by the United States of the County's voter assistance practices during the 2000 election. It is the United States' position that the evidence gathered during its investigation demonstrates, among other things, that at several precincts, the Defendants denied certain Creole-speaking Haitian-American voters assistance from persons of their choice, permitting only pollworkers to assist voters; that oftentimes, the only pollworkers available to provide assistance did not speak Creole and limited their assistance to voter demonstrations outside the voting booths; that in those circumstances where the Defendants permitted voters assistance from persons of the voters' choice, they limited the scope of the assistance assistors of choice could provide; that many of these precincts limited such assistance to reviewing sample ballots with the voters and standing next to them during pollworker demonstrations; that this limited assistance was of little value to voters once they entered the voting booth; that the Defendants failed to instruct properly County pollworkers on their duty to

permit voters assistance from persons of their choice; and that some pollworkers believed voters were not entitled to assistance from persons of their choice and carried out their duties accordingly.

Despite the Defendants' alleged failure to adhere to Section 208 in these circumstances, the United States found no evidence that such noncompliance was the result of a discriminatory purpose. To the contrary, the United States recognizes that the Defendants have demonstrated an appreciation for the unique difficulties encountered by Creole-speaking voters and a willingness to enact measures designed to make the political process more accessible to these voters. In recognition of the Defendants sizeable Haitian-American population, the Miami-Dade Board of County Commissioners passed ordinances in 1999 and 2000 mandating that Haitian-Creole ballot translations be available in voting booths located at precincts where "significant" numbers of Haitian-American voters vote.[1] Moreover, the Defendants have been cooperative during the Department of Justice's investigation of

---

[1] Both laws pertain to precincts with a "significant" number of Haitian voters and grant discretion as to determining what is "significant" to the Supervisor of Elections. In the past, the Supervisor of Elections exercised this discretion by designating certain precincts as having a significant Haitian voting population based on place of birth information provided by voters. However, this information has not been available since 1994. In the future, the Supervisor of Elections will make best efforts to utilize Census and other available data to make changes to these designations as appropriate.

this matter and have demonstrated from the beginning of the investigation an interest in resolving any violations of federal law.

The Defendants deny any violation of the Voting Rights Act as alleged by the United States. Moreover, the Defendants are committed to ensuring that voters with limited ability to understand English, including Creole-speaking Haitian-American voters, get the assistance necessary for their effective participation in the voting process. The Defendants are dedicated to ensuring that all future elections in Miami-Dade County operate in a manner consistent with Section 208 of the Voting Rights Act.

The parties have negotiated in good faith and have agreed to entry of this Consent Order as an appropriate resolution of the claims alleged.

### ORDER

Accordingly, it is hereby ORDERED, ADJUDGED, and DECREED:

1. The Court has jurisdiction over this matter pursuant to 42 U.S.C. 1973j(f) and 28 U.S.C. 1345.

2. Defendants are hereby enjoined from denying Haitian-American voters with limited English-speaking proficiency assistance from persons of the voters' choice in violation of Section 208 of the Voting Rights Act of 1965, 42 U.S.C. 1973aa-6. Defendants shall ensure that Haitian-American voters with limited

English-speaking proficiency are permitted assistance from persons of the voters' choice and that such assistance shall include assistance in the voting booth, including interpreting the ballot and instructing voters on how to select the voters' preferred candidates.

3. The Miami-Dade County Supervisor of Elections shall take the following steps to prevent violations of Section 208 and to redress the alleged harm caused Creole-speaking Haitian-American voters during the 2000 Presidential election:

(A) Modify training for all County pollworkers to require instruction on how to handle requests for language assistance:

(i) The Supervisor of Elections shall incorporate into the training programs that currently exist for pollworkers - clerks, assistance clerks, and inspectors - training specifically directed at effectuating the provisions of Section 208 of the Voting Rights Act of 1965, including specific instruction that voter assistance under Section 208 can include assistance in the voting booth.

(ii) Pollworkers shall also be instructed to be cognizant of the special needs of voters with difficulty understanding English. Rather than waiting for such voters to ask for assistance, pollworkers shall be instructed to offer assistance to those who appear to need it.

(iii) On election day, precinct clerks stationed at the Haitian precincts shall instruct their workers to inform voters of their option under County ordinances, where the option is available, to vote at vote-a-matics stocked with voting forms printed in Haitian-Creole.[2]

(B) Consistent with the provisions of the Florida Election Reform Act concerning voter education,[3] the County shall create and implement a voter training program designed to provide Creole-speaking Haitian-American voters with "a working knowledge of the voting process." The County shall make that program available prior to all elections involving countywide, statewide, and federal offices from the date of entry of the Consent Order through December 31, 2005.

(C) Make best efforts to assign at least one bilingual English/Creole-speaking pollworker, responsible solely for assisting Creole-speaking voters, to each of the polling places containing Haitian precincts.

---

[2] Miami-Dade County law requires Haitian precincts to be supplied with vote-a-matics containing voting forms printed in Haitian-Creole. See Miami-Dade County Ordinance Nos. 99-160 and R-296-00.

[3] Amended § 98.255, Florida Statutes, provides for development and implementation of minimum voter education standards and requires each County to conduct "additional nonpartisan education efforts as necessary to ensure that voters have a working knowledge of the voting process." State funding is provided for such education efforts.

(i) The pollworkers fulfilling this role shall receive special instruction in conjunction with training for election inspectors. Such pollworkers shall be instructed to usher Creole-speaking voters appearing to need assistance through the voting process - e.g., ensure that Creole-speaking voters understand how to sign in upon arriving at the voting precinct, where to go to vote, and how to vote and inform Creole-speaking voters that they are entitled to assistance from persons of their choice.

(ii) In order to appoint the requisite number of Creole-speaking bilingual pollworkers, the Supervisor of Elections shall solicit the assistance of local organizations comprised predominantly of Haitian-American persons.

(iii) The Supervisor of Elections shall solicit qualified bilingual English/Creole-speaking pollworkers through the Haitian-Creole language newspapers that the County currently uses to publicize voting-related information. In addition, the Supervisor of Elections shall solicit bilingual pollworkers on two radio programs conducted in Haitian-Creole. Such solicitations shall be made twice weekly for a period of two weeks beginning the fourth week prior to the voter registration deadline.

(iv) The hiring and notice requirements shall apply from the date of entry of the Consent Order through

December 31, 2005.

    (D)  At the polling places containing Haitian precincts, post a Creole-translated version of the Voter's Bill of Rights and Responsibilities required to be posted at each polling place under Florida Law.

    4.  The Defendants shall provide all supplies and facilities necessary for the implementation of this Consent Order.

    5.  The Supervisor of Elections, or his designee(s), shall monitor on election day the performance of election officials to ensure that all election officials are performing their duties in compliance with Section 208 of the Voting Rights Act.  The Supervisor of Elections shall investigate promptly all complaints of denial of assistance of choice, shall record such complaints in a log separately maintained for this purpose, and shall take prompt action to ensure that all limited English-speaking proficient voters receive the assistance to which they are entitled under Section 208 of the Voting Rights Act.  The United States shall be permitted to inspect and copy the above-cited complaint log at any and all reasonable times upon reasonable notice to Defendants.

    6.  The parties agree that to assist in carrying out the purposes of this Consent Decree, the United States will be permitted to monitor elections in Miami-Dade County from the date of the entry of this Consent Decree through December 31, 2005.

      (A)   The United States will give timely notice of its intent to monitor a particular election and limit such monitoring to the "Haitian precincts;"

      (B)   Department of Justice personnel, including attorneys and staff members, will be permitted into these precincts for the purpose of observing the election process; such Department personnel shall not seek to interfere in any way with the conduct of the election, but will merely observe and report problems to county election officials for resolution.

7.   This Consent Decree shall expire on December 31, 2005.

8.   Each party shall bear its own costs and fees.

AGREED:

For the United States of America:

RALPH F. BOYD, JR.
Assistant Attorney General
Civil Rights Division

GUY A. LEWIS
United States Attorney

*/s/ Veronica Harrell-James*
VERONICA HARRELL-JAMES
Assistant U.S. Attorney
Civil Rights Section
Florida Bar No. 644791
(305) 961-9327

*/s/ James D. Walsh*
JOSEPH D. RICH
Chief
BRIAN F. HEFFERNAN
JAMES D. WALSH
Attorneys
Voting Section
Civil Rights Division
Department of Justice
P.O. Box 66128
Washington, D.C. 20035-6128
(202) 307-6262

For Miami-Dade County:

*/s/ Robert A. Ginsburg*
ROBERT A. GINSBURG
Miami-Dade County Attorney

*/s/ Murray A. Greenberg*
MURRAY A. GREENBERG
First Assistant County Attorney

**SO ORDERED**, this 17th day of June 2002:

*/s/ Patricia A. Seitz*
United States District
Judge for the Southern
District of Florida